UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY GOETHE,  No. 2:07-CV-01945-MCE-GGH

    Plaintiff,

  v.  MEMORANDUM AND ORDER

STATE OF CALIFORNIA,
DEPARTMENT OF MOTOR VEHICLES,

    Defendant.

Plaintiff seeks monetary and injunctive relief against Defendant, the State of California, Department of Motor Vehicles, ("Defendant") for racial discrimination claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., California Constitution Art. I, § 8, and California Government Code §§ 12900 et seq. and 12940 et seq. Defendant now moves to dismiss the First Cause of Action, Plaintiff's disparate impact claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that this Court lacks subject-matter jurisdiction over the claim.

1

Defendant also requests dismissal of the Third Cause of Action, Plaintiff's racial discrimination claim, in its entirety, and the Fourth Cause of Action, Plaintiff's retaliation claim, to the extent it arises under state law, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, Defendant's motion to dismiss will be GRANTED.

**BACKGROUND**

On September 29, 2007, Plaintiff filed Charge of Discrimination number 555-2006-01115 ("Charge") with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff checked boxes on the Charge indicating that while he was employed by Defendant he was subject to discrimination based on "race" and "retaliation."  He stated the pertinent facts as follows in that Charge:

> I was hired on or about November 30, 1987.  My current job title is Staff Services Manager I in the Business Consulting Group.
>
> In or about 1995, I filed a discrimination lawsuit against Respondent.  Since winning my lawsuit, I have been denied numerous promotions and lateral transfers.  These include:
>
> On or about March 6, 2006: Manager V, Customer Service/Technology and Manager V, Program Support Manager.  On or about May 24, 2006: Manager V, International Registration Plan Policy Section Manager.  On or about June 15, 2006: Manager V, Revenue and Compliance Unit.  All the selectees for the above positions were Caucasian.
>
> On or about August 21, 2006: Manager V, Motor Carrier Permit Policy Section Manager.  The selectee for this position is Black, but she has never complained of discrimination, to my knowledge.

1
2
3       In or about April 2006, I was denied a lateral transfer to Staff Services Manager I FOD Sacramento Headquarters Staff, Position number 438-4800-001, Bulletin number 2-06-0400. The selectee was Caucasian.

4       I believe I have been discriminated against because of my race, Black, and for engaging in protected activity.
5
6  Def.'s Req. for Judicial Notice, Ex. 1. At Plaintiff's request,
7  the EEOC issued a Right-to-Sue Notice on August 9, 2007.
8       Plaintiff filed his original Complaint in this Court on
9  September 17, 2007, and, pursuant to Federal Rule of Civil
10 Procedure 15(a), filed his First Amended Complaint ("FAC") on
11 December 5, 2007.
12      Plaintiff alleges four causes of action in his FAC:
13 1) Disparate Impact Discrimination based on Race in Violation of
14 Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et
15 seq.; 2) Disparate Treatment Discrimination based on Race in
16 Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.
17 § 2000e et seq.; 3) Racial Discrimination in Violation of the
18 California Constitution Art. I, § 8 and California Government
19 Code §§ 12900 et seq. and 12940 et seq.; and 4) Retaliation in
20 Violation of Title VII of the Civil Rights Acts of 1964, 42
21 U.S.C. § 2000e et seq., and California Government Code §§ 12900
22 et seq. and 12940 et seq.  Pl.'s First Am. Compl. p. 5-9.
23      On December 26, 2007, Defendant filed its current Motion to
24 Dismiss. Defendant challenges the First Cause of Action in its
25 entirety arguing that this Court lacks jurisdiction because
26 Plaintiff failed to exhaust all available administrative
27 remedies.
28 ///

3

P. & A. in Supp. of Def.'s Mot. to Dismiss p. 2.  Defendant further challenges the Third Cause of Action in its entirety, and the portion of the Fourth Cause of Action that arises under state law, arguing that those claims are barred by the Eleventh Amendment.  Id.   In connection with its motion, Defendant simultaneously requests that the Court take judicial notice of Plaintiff's EEOC Charge.

Defendant does not challenge Plaintiff's federal disparate treatment or retaliation claims.

Plaintiff filed his Opposition to Defendant's Motion to Dismiss on January 17, 2007.

**STANDARD**

**1.   Rule 12(b(1)**

In moving to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject-matter jurisdiction on a factual basis ("factual attack").  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.

///

///

4

1 If the motion constitutes a factual attack, however, "no
2 presumptive truthfulness attaches to plaintiff's allegations, and
3 the existence of disputed material facts will not preclude the
4 trial court from evaluating for itself the merits of
5 jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting
6 Mortensen, 549 F.2d at 891).

### 2. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level.
///

Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   Failure to Exhaust**

Title VII requires Plaintiff to exhaust his administrative remedies prior to seeking relief in this Court. Equal Employment Opportunity Comm'n, v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994). However, this Court does have jurisdiction over claims not included in the administrative charge if they are like or reasonably related to included claims. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002).
///

Jurisdiction extends to claims that "[fall] within the scope of the EEOC's <u>actual</u> investigation or an EEOC investigation which <u>can reasonably be expected</u> to grow out of the charge of discrimination." <u>Farmer Bros.</u> at 899 (internal quotations and citations omitted) (emphasis in original). The administrative charge is intended to provide notice to the charged party, to "narrow[] the issues for prompt adjudication and decision," and to encourage attempts at informal and voluntary conciliation. <u>B.K.B.</u> at 1099 (internal quotations and citations omitted); See also Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir. 1984).

Exhaustion is a jurisdictional prerequisite to filing a civil suit. <u>Macy v. Dalton</u>, 853 F. Supp. 350, 356-357 (E.D. Cal. 1994).[1] Therefore, this Court will treat Defendant's motion as a Rule 12(b)(1) challenge to its subject-matter jurisdiction. The Court is not limited "to the face of the pleadings" and can consider any evidence. <u>McCarthy v. U.S.</u>, 850 F.2d 558, 560 (9th Cir. 1988).

///
///

---

[1] "The exhaustion requirement consists of two elements: 1) the jurisdictional non-waivable requirement of presentment of the claim ... (presentment); and 2) the waivable requirement of exhaustion of administrative remedies (exhaustion)." Id. (internal quotations and citations omitted). "In the context of Title VII, the jurisdictional presentment requirement is met when the employee/plaintiff presents [his] claims to the employer/agency or an appropriate administrative review body such as the MSPB or EEOC, even if the claims are not <u>timely</u> presented. However, the presentment requirement is not met and the court lacks jurisdiction when the plaintiff's claims have never been presented for agency or administrative review." <u>Id</u>. at 357 (internal citations omitted) (emphasis added).

7

Plaintiff admits he bears the burden of proving this Court has jurisdiction over his claims. P. & A. in Opp'n of Def.'s Mot. to Dismiss p. 3; <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375 (1994). Despite this, he failed to file a copy of his EEOC Charge with his FAC. Nevertheless, since the Court may consider any evidence, and since Plaintiff has not objected to Defendant's request that the Court take judicial notice of Plaintiff's Charge, the Court will consider that critical document in its analysis. Defendant's request that this Court take judicial notice of Plaintiff's EEOC Charge is GRANTED pursuant to Federal Rule of Evidence 201.[2]

This Court must "construe the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" <u>Id.</u> at 1100 (citing <u>Kaplan v. Int'l Alliance of Theatrical & Stage Employees</u>, 525 F.2d 1354, 1359 (9th Cir. 1975) <u>abrogated on other grounds by</u> <u>Laughon v. Int'l Alliance of Theatrical Stage Employees</u>, 248 F.3d 931 (9th Cir. 2001)). However, "there is a limit to such judicial tolerance when principles of notice and fair play are involved." <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d 632, 636 (9th Cir. 2002). Nevertheless, "[i]t is sufficient that the EEOC be apprised, in general terms, of the alleged discriminating parties and the alleged discriminatory acts." <u>Kaplan</u> at 1359.

---

[2] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned...A court shall take judicial notice if requested by a party and supplied with the necessary information...Judicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(b), (d), (f).

"The crucial element of a charge of discrimination is the factual statement contained therein." B.K.B. at 1100. In reaching its decision, this Court can properly consider: 1) the alleged basis of the discrimination; 2) dates of discriminatory acts specified within the charge; 3) perpetrators of discrimination named in the charge; 4) any locations at which discrimination is alleged to have occurred; and 5) consistency of the new charge with the Plaintiff's original theory of the case. Id. at 1100. The Ninth Circuit applies the same analysis to allegations not included in the original charge regardless of whether they stem from facts that arose before or after the filing of that charge. See Sosa v. Hiraoka, 920 F.2d 1451, 1457 n.2 (9th Cir. 1990).

Plaintiff raises three federal claims in his FAC: 1) Disparate Impact, 2) Disparate Treatment, and 3) Retaliation. The only question before this Court is whether his disparate impact claim is like or reasonably related to either his disparate treatment or retaliation claims.

The Ninth Circuit has had only one occasion to address whether a Title VII disparate impact claim was exhausted. See Paige v. State of Cal., 102 F.3d 1035 (9th Cir. 1996). However, in that case, the court accepted without discussion that the disparate impact claim was raised in the administrative charge. The court concerned itself only with whether it should certify a class. Id. at 1041-1042.

///
///
///

In Paige, the plaintiff's charge alleged that "an examination was biased, discriminatory, non job-related, non valid and not in conformance with all applicable federal and state laws, rules and regulations ... in that the examination was conducted without consideration of an effective affirmative action program." Id. at 1041. That charge was clearly sufficient to provide notice of the underlying disparate impact theory to an investigative body, so it did not require the focus of the court's attention.

The Ninth Circuit has also had occasion to consider whether a disparate treatment claim was reasonably related to the disparate impact claim included in the charge. See Brown v. Puget Sound Electrical Apprenticeship & Training Trust, 732 F.2d 726 (1984). In that case, the appellees filed complaints with the EEOC alleging that a veteran age credit had a disparate impact on women. Id. at 728. Subsequently in federal court, in addition to the disparate impact claim, one of the appellees filed a discriminatory treatment claim that had arisen after the initial charges. Id. The Brown court asked whether a new EEOC investigation into disparate treatment would be redundant. Id. at 730. Brown determined that "[a]ny investigation of whether [the appellee's] application was rejected as the result of disparate impact would not have encompassed her subsequent claim that when she reapplied to the program she was subjected to intentional sex discrimination." Id. at 730 (emphasis in original).

///
///
///

10

1    Other circuit courts have weighed in as well.  Their
2 decisions inevitably turn on the factual pleadings in the
3 claimants' initial administrative complaints and whether those
4 pleadings provided notice to the investigative body of a
5 disparate impact claim.  See Pacheco v. Mineta, 448 F.3d 783, 792
6 (5th Cir. 2006) (disparate impact claim not reasonably related to
7 administrative charge because the charge: 1) facially alleged
8 only disparate treatment; 2) identified no neutral employment
9 policy; and 3) complained of past incidents of disparate
10 treatment only); Noreuil v. Peabody Coal Co., 96 F.3d 254, 258
11 (7th Cir. 1996) (disparate impact claim not exhausted when the
12 plaintiff only addressed retaliation in the administrative
13 charge, the court had previously held "that retaliation and age
14 discrimination claims are sufficiently dissimilar that an
15 administrative charge of one fails to support a subsequent civil
16 suit for the other," and the court determined "disparate impact
17 is even more conceptually distinct from a claim of retaliation
18 than an ordinary discrimination charge of disparate treatment")
19 (internal citations omitted).  But see Gomes v. Avco Corp., 964
20 F.2d 1330, (2d Cir. 1992) (disparate impact claim would
21 reasonably have flowed from disparate treatment investigation
22 when plaintiff pled that 1) he was a Portuguese male; 2) he
23 applied for open positions; 3) a specific rule governed promotion
24 to those positions; 4) plaintiff believed he satisfied the
25 applicable rule; 5) a less qualified employee was promoted
26 instead; 6) the union refused to pursue a grievance because it
27 found that plaintiff didn't satisfy the applicable rule; and
28 ///

11

7) plaintiff was the only Portuguese employee in his job classification); <u>Brown v. Coach Stores, Inc.</u>, 163 F.3d 706, 712 (2d Cir. 1998) (disparate impact claim reasonably related to failure to promote claim because the EEOC investigation "would have assessed Coach's promotion policies and their effect on minority employees").

Likewise, the majority of district court cases have held that complainants' disparate impact claims were not reasonably related to properly exhausted discrimination claims.[3]

---

[3] <u>See</u> <u>Woodman v. WWOR-TV, Inc.</u>, 293 F. Supp. 2d 381, 390 (S.D.N.Y. 2003) (disparate impact claim not exhausted when "the substance of [the] EEOC charge [was] that Defendants' [sic] were motivated by illicit consideration of age," which "is substantively distinct from an allegation that Defendants promulgated neutral policies that had the effect of disadvantaging older employees"); <u>Donaldson v. Microsoft Corp.</u>, 205 F.R.D. 558, 570-571 (W.D. Wash. 2001) (disparate impact claim not reasonably related to disparate treatment claim because the original charge alleged only that the plaintiff had individually been the victim of discrimination); <u>McKinney v. Eastman Kodak Co.</u>, 975 F. Supp. 462, (W.D.N.Y. 1997) (disparate impact claim not exhausted when plaintiff's charge alleged only that she had been discharged in retaliation for complaining about employment discrimination and did not mention any process or policy by which the firm made its termination decisions); <u>Murray v. John D. Archbold Mem'l Hosp., Inc.</u>, 50 F. Supp. 2d 1368, (M.D. Ga. 1999) (disparate impact claim not allowed when original charge alleged only individual discrimination); <u>Butler v. Matsushita Commc'n Indus. Corp. of U.S.</u>, 203 F.R.D. 575, 582 (N.D. Ga. 2001) (disparate impact claim not exhausted because it was "not reasonable to expect the EEOC to investigate any neutral employment policy when all that [was] raised [was] intentional discrimination"); <u>Gordon v. Peters</u>, 489 F. Supp. 2d 729, 736 (S.D. Tex. 2007) (disparate impact claim not exhausted because plaintiff originally complained only of past instances of disparate treatment, alleged only individual intentional discrimination, sought only individual remedies, and failed to challenge any neutral policy); <u>Leisen v. City of Shelbyville</u>, 968 F. Supp. 409, 422 (S.D. Ind. 1997) (disparate impact claim not related to original charge because "the mere fact that the allegations of disparate treatment described in [the] initial EEOC charge and the disparate impact and harassment claims ... all allege various forms of sex discrimination [was] not enough
(continued...)

While several district courts have held to the contrary, the original charges in those cases almost all included facts specifically supporting the elements of disparate impact.[4]

Regardless of outcome, the crux of each court's analysis was whether an investigation into an after-filed claim would reasonably be expected to grow out of the facts pled in the original charge. This analysis necessarily requires an examination of the elements of the relative causes of action.

In order for Plaintiff to claim disparate treatment, he must allege an employment action that "treat[s] some people less favorably than others because of their race, color, religion, sex, or national origin." Int'l Bhd. of Teamsters v. U.S., 431 U.S. 324, 335 n.15 (1977). A discriminatory motive is required. Id.

///

---

[3](...continued) to bring the latter claims within the scope of [the] EEOC charge); McNamara v. City of Chicago, 867 F. Supp. 739, 748 (N.D. Ill. 1994) (disparate impact claim challenging the widespread adverse impact of an examination was distinct from disparate treatment claim, which involved individual discrimination).

[4] See DiPompo v. West Point Military Acad., 708 F. Supp. 540, 547-548 (S.D.N.Y. 1989) (administrative charge could have led the EEOC to investigate disparate impact claim because plaintiff complained that a neutral rule operated to discriminate against him); Alford v. City of Montgomery, Ala., 879 F. Supp. 1143, 1148-1149 (M.D. Ala. 1995) (disparate impact claim exhausted when employee pled that policy allowing only "Community Center Director III" directors to apply for promotions, despite others being equally qualified, was discriminatory); Watkins v. City of Chicago, 992 F. Supp. 971, (N.D. Ill. 1998) (disparate impact claim reasonably related to disparate treatment claim because plaintiff alleged that she was prevented from promoting due to the city's policy of disqualifying individuals arrested for felonies and because plaintiff's charge would have led to an investigation into whether such a policy existed).

To prove retaliation, Plaintiff must show that he was subject to an adverse employment action because he engaged in protected activity. <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d 885, 894 (9th Cir. 2005). Finally, to prove disparate impact, Plaintiff must plead "that a facially neutral employment practice has a significantly discriminatory impact upon a group protected by Title VII." <u>Moore v. Hughes Helicopters, Inc.</u>, 708 F.2d 475, 481 (9th Cir. 1983). This last claim does not require discriminatory intent. <u>Id</u>.

Plaintiff pled no facts within his EEOC Charge that would have reasonably led to an investigation of a disparate impact claim. Plaintiff alleged only that he suffered from instances of individual racial discrimination and that he was denied promotional opportunities in retaliation for prior complaints. He stated that he had been treated less favorably because of his race and implied that his superiors operated with discriminatory intent. Though despicable if true, Plaintiff's original claims only support his current disparate treatment and retaliation claims.

Unlike those plaintiffs who were ultimately allowed to raise untimely disparate impact claims, Plaintiff did not allude to any specific policy or procedure that adversely affected African-Americans as a group. To the contrary, he alleged that an African-American woman was promoted in lieu of him because she had never complained of discrimination. This allegation undermines any possible finding that Plaintiff's Charge challenged the discriminatory impact of facially neutral policies.

14

Because Plaintiff pled only facts that would reasonably have led to an investigation of disparate treatment or retaliation, he failed to exhaust his administrative remedies, and this Court lacks jurisdiction over Plaintiff's First Cause of Action, his disparate impact claim. Hence Defendant's Motion to Dismiss Plaintiff's First Cause of Action is GRANTED with leave to amend.

### 2.   Sovereign Immunity

Defendant challenges Plaintiff's Third and Fourth Causes of Action, which allege racial discrimination and retaliation in violation of both the California Constitution and California Government Code, on Eleventh Amendment grounds.[5] The Eleventh Amendment is an affirmative defense and dismissal pursuant to the doctrine is not based on a lack of subject-matter jurisdiction. <u>Elwood v. Drescher</u>, 456 F.3d 943, 949 (9th Cir. 2006) (citing <u>Miles v. California</u>, 320 F.3d 986, 988-989 (9th Cir. 2003)). Therefore, this Court will address Defendant's Motion to Dismiss Plaintiff's state law claims pursuant to Rule 12(b)(6). <u>See</u> <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116 (9th Cir. 2007).

///
///
///

---

[5] Plaintiff's argument that Congress abrogated the states' sovereign immunity in Title VII actions is irrelevant. <u>See</u> Pl.'s P. & A. In Opp. To Def.'s Mot. To Dismiss p. 9. While Plaintiff is correct, Defendant challenges only Plaintiff's state claims, not his federal claims.

15

Even when all allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff, this Court is precluded from hearing those claims.  Though the Eleventh Amendment expressly applies only to suits against a state by citizens of another state, it is well established that suits against a state by its own citizens are prohibited as well. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).  States inherently retained their pre-ratification sovereign immunity from the latter cases because "federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" Id. (quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890)).  Suits in which a state agency or department "is named as the defendant [are also] proscribed by the Eleventh Amendment."[6]  Id. at 100.  This Court cannot allow Plaintiff to bring an unconsenting state into federal court.

Plaintiff's attempt to seek refuge under supplemental jurisdiction is futile.  "Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment...[T]his principle applies as well to state-law claims brought into federal court under pendent jurisdiction." Pennhurst at 121; see also Bair v. Krug, 853 F.2d 672, 675-676 (9th Cir. 1988).

---

[6] Since the parties do not dispute that DMV is an arm of the state, and since this Court agrees under ITSI T.V. Productions, Inc. v. Cal. Exposition and State Fair, no more extensive analysis is necessary.  3 F.3d 1289 (9th Cir. 1993)

16

Hence Defendant's Motion to Dismiss Plaintiff's Third Cause of Action in its entirety and his Fourth Cause of Action to the extent it arises under state law is GRANTED with leave to amend.

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiff's First Cause of Action is GRANTED with leave to amend under Rule 12(b)(1). Defendant's Motion to Dismiss Plaintiff's Third Cause of Action in its entirety and Fourth Cause of Action to the extent it arises under state law is GRANTED with leave to amend under Rule 12(b)(6).[7]  Plaintiff is directed to file a Second Amended Complaint, should he choose to do so, not later than thirty (30) days following the date of this Order.

IT IS SO ORDERED.

Dated: February 19, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

17