1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   GARY GOETHE,                        No. 2:07-cv-01945-MCE-GGH

12           Plaintiff,

13      v.                               MEMORANDUM AND ORDER

14   STATE OF CALIFORNIA,
     DEPARTMENT OF MOTOR VEHICLES,

15           Defendant.

16

17                          ----oo0oo----

18       Plaintiff seeks monetary and injunctive relief against

19   Defendant, the State of California, Department of Motor Vehicles,

20   ("Defendant") for racial discrimination claims arising under

21   Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

22   seq., 42 U.S.C. § 1981, and 42 U.S.C. § 1985.  Defendant now

23   moves to dismiss the First Cause of Action, Plaintiff's disparate

24   impact claim, pursuant to Federal Rule of Civil Procedure

25   12(b)(1)[1] on grounds that this Court lacks jurisdiction over the

26   claim.

27   _____

28       [1] Unless otherwise noted, all further references to Rule or
     Rules are to the Federal Rules of Civil Procedure.

                                    1

1    Defendant also moves to dismiss the Fourth Cause of Action,

2    Plaintiff's racial discrimination and retaliation claim, and the

3    Fifth Cause of Action, Plaintiff's claim for conspiracy to

4    interfere with civil rights, for failure to state a claim upon

5    which relief can be granted pursuant to Rule 12(b)(6).

6    Additionally, Defendant moves to strike Plaintiff's allegations

7    relating to events occurring prior to December 2006 pursuant to

8    Rule 12(f).   For the reasons stated below, Defendant's motion to

9    dismiss will be granted.[2]

10

11                              **BACKGROUND**

12

13        The Court has previously set forth a factual background for

14   this action in its Order of February 20, 2008, which is

15   incorporated by reference and need not be reproduced herein.

16   Mem. & Order 2-4, February 20, 2008.

17        On February 20, 2008, this Court dismissed without prejudice

18   the First, Third, and Fourth Causes of Action in Plaintiff's

19   First Amended Complaint ("FAC").   Plaintiff filed his Second

20   Amended Complaint("SAC") on March 13, 2008.

21        Plaintiff alleges five causes of action in his SAC:

22   1) Disparate Impact Discrimination in violation of Title VII of

23   the  Civil Rights Act of 1968, 42 U.S.C. § 2000e-2(a);

24   2) Disparate Treatment Discrimination in violation of Title VII

25   of the  Civil Rights Act of 1968, 42 U.S.C. § 2000e-2(a);

26

27            [2] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefings.  E.D.
28   Cal. Local Rule 78-230(h).

                                   2

3) Retaliation for Engaging in a Protected Activity in violation of Title VII of the  Civil Rights Act of 1968, 42 U.S.C. § 2000e-3(a); 4) Racial Discrimination and Retaliation in violation of 42 U.S.C. § 1981; 5) Conspiracy to Interfere with Civil Rights in violation of 42 U.S.C. § 1985.

Defendant filed the current Motion to Dismiss challenging the First Cause of Action in its entirety because Plaintiff failed to exhaust all available administrative remedies. Defendant further challenges the Fourth and Fifth Causes of Action in their entirety, arguing that those claims are barred by the Eleventh Amendment.  Additionally, Defendant filed a motion to strike, under Rule 12(f), Plaintiff's allegations contained in paragraphs 11-14 and 54 of the SAC.

Defendant does not challenge Plaintiff's disparate treatment or retaliation claims.

**STANDARD**

**1.    Rule 12(b)(1)**

In moving to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject-matter jurisdiction on a factual basis ("factual attack").  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

///

If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. <u>Williamson v. Tucker</u>, 645 F.2d 404, 412 (5th Cir. 1981); <u>Mortensen</u>, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  <u>Thornhill</u>, 594 F.2d at 733 (quoting <u>Mortensen</u>, 549 F.2d at 891).

**2.   Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted).

4

Factual allegations must be enough to raise a right to relief above the speculative level.  <u>Id</u>. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**2.    Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...."  <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.

5

1  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.

2  1993)(rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S.

3  517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994))(internal

4  citations and quotations omitted).   Impertinent matter consists

5  of statements that do not pertain, and are not necessary, to the

6  issues in question.   Id.

7

8                              **ANALYSIS**

9      **1.    Failure to Exhaust Administrative Remedies**

10

11      Title VII requires Plaintiff to exhaust his administrative

12  remedies prior to seeking relief in this court.   Equal Employment

13  Opportunity Comm'n v. Farmer Bros. Co., 31 F.3d 891, 899 (9th

14  Cir. 1994).   However, this Court does have jurisdiction over

15  claims not included in the administrative charge if they are like

16  or reasonably related to included claims.   B.K.B. v. Maui Police

17  Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002).   Jurisdiction extends

18  to claims that "[fall] within the scope of the EEOC's actual

19  investigation or an EEOC investigation which can reasonably be

20  expected to grow out of the charge of discrimination."   Farmer

21  Bros. at 899 (internal quotations and citations omitted)(emphasis

22  in original).

23      Exhaustion is a jurisdictional prerequisite to filing a

24  civil suit.   Macy v. Dalton, 853 F. Supp. 350, 356-357 (E.D. Cal.

25  1994).   Therefore, this Court will treat Defendant's motion as a

26  Rule 12(b)(1) challenge to its subject-matter jurisdiction.   The

27  Court is not limited "to the face of the pleadings and can

28  consider any evidence."

1   McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988).  More

2   specifically, this court may consider "affidavits or any other

3   evidence outside the pleadings that is properly before the

4   court."  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.

5   1989) (emphasis added).

6       Plaintiff admits he bears the burden of proving this Court

7   has jurisdiction over his claims.  Kokkonen v. Guardian Life Ins.

8   Co. Of Am., 511 U.S. 375 (1994).  Despite this, Plaintiff failed

9   to file a copy of his EEOC Charge with his SAC.  Additionally, in

10  his SAC, Plaintiff refers to a right-to-sue letter issued by the

11  EEOC as "Exhibit A", but there is no Exhibit A, nor is there a

12  right-to-sue letter attached to the SAC.  However, because the

13  Court may consider any evidence properly before it, and the

14  Plaintiff has not objected to Defendant's request that the Court

15  take judicial notice of Plaintiff's Charge, original Complaint,

16  FAC containing a right-to-sue letter attached thereto as Exhibit

17  A, and the Memorandum and Order previously issued in this case on

18  February 20, 2008, the Court will take notice of these documents

19  in its analysis.  Defendant's request that this Court take

20  judicial notice of Plaintiff's EEOC Charge along with the

21  Complaint, FAC, and Memorandum and Order is GRANTED pursuant to

22  Federal Rule of Evidence 201.[3]

23  ///

24

25      [3] "A judicially noticed fact must be one not subject to
    reasonable dispute in that it is either (1) generally known
26  within the territorial jurisdiction of the trial court or
    (2) capable of accurate and ready determination by resort to
27  sources whose accuracy cannot be reasonably questioned...A court
    shall take judicial notice if requested by a party and supplied
28  with the necessary information...judicial notice may be taken at
    any stage of the proceeding."  Fed. R. Evid. 201(b), (d), (f).

7

1    The Court has previously set forth its analysis of the law

2    as applied to Plaintiff's disparate impact claim in his FAC and

3    his EEOC Charge of Discrimination number 555-2006-01115

4    ("Charge") in its Order of February 20, 2008.  Mem. & Order 6-14,

5    February 20, 2008.  In granting Defendant's motion to dismiss,

6    this Court found that Plaintiff failed to exhaust his

7    administrative remedies because Plaintiff did not plead facts

8    that would have lead to an investigation of the disparate impact

9    claim.  Instead, the Court found that Plaintiff alleged only that

10   he suffered from instances of individual racial discrimination

11   and that he was denied promotional opportunities in retaliation

12   for prior complaints.  He stated that he had been treated less

13   favorably because of his race and implied that his supervisors

14   operated with discriminatory intent.  Therefore, this Court

15   granted the Motion to Dismiss with leave to amend.

16   Plaintiff now contends that he exhausted his administrative

17   remedies and the EEOC unilaterally excluded the disparate impact

18   claim from his Charge.  Although an EEOC charge may substantially

19   condense and edit a plaintiff's complaint, the complaint's

20   theory, not the agency's drafting, is dispositive.  Anthony v.

21   County of Sacramento, 898 F. Supp. 1435, 1443 (E.D. Cal. 1995).

22   If the EEOC charge is deficient in recording the theory of the

23   case, and the deficiency results from negligence by the EEOC

24   representative who completes the charge form, then the plaintiff

25   may present his pre-complaint questionnaire as evidence that the

26   claim was properly exhausted. Id.; B.K.B., 276 F.3d at 1102.

27   ///

28   ///

8

1      In B.K.B., the court noted that "because the charge is

2  intended to satisfy the dual purpose of establishing notice of

3  the complainant's claims both to the agency and to the named

4  respondent, review of a plaintiff's pre-complaint questionnaire

5  in order to determine the scope of the charge may impair part of

6  its statutory purpose." Id. at 1101 (emphasis in original).  Due

7  to this concern, the court only looks to the questionnaire when

8  the failure of notification is due to agency negligence.  Id. at

9  1101-02.  The B.K.B. Court determined that, although not included

10  in the charge, the Plaintiff had exhausted her claims because

11  evidence presented showed the absence of the claim was due to a

12  "clerical error." Id. at 1102-03.  Because of the Court's prior

13  ruling on the Charge's lack of a disparate impact claim,

14  Plaintiff must show that such a claim was included in the

15  complaint filed with the EEOC, and it was negligently excluded

16  from the Charge.

17      Once the moving party has converted the motion to dismiss

18  into a factual motion by presenting affidavits or other evidence

19  properly brought before the court, the party opposing the motion

20  must furnish affidavits or other evidence necessary to satisfy

21  its burden of establishing subject-matter jurisdiction.  Ordonez-

22  Garay v. Chertoff, 2007 U.S. Dist. LEXIS 76434 *6 (E.D. Cal.

23  2007). The requirement is not unlike summary judgment under

24  Rule 56, where the non-moving party must present evidence to

25  defeat the motion.  Frasure v. U.S., 256 F. Supp. 2d 1180, 1184

26  (D. Nev. 2003) (citing Trentacosta v. Frontier Pac. Aircraft

27  Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)).

28  ///

1    In response to Defendant's motion to dismiss, Plaintiff

2    filed a number of exhibits, including his entire EEOC Claim

3    ("Exhibit 4").[4]  Plaintiff contends that the exhibits show that

4    he exhausted his disparate impact claim in his EEOC Claim because

5    the EEOC was on notice of his intentions, and the claim was

6    unilaterally excluded from his Charge by the EEOC.  However, the

7    authenticity of the Claim (Exhibit 4), as a whole, was not shown,

8    and because Exhibits 1, 2, and 3 are said to be part of Exhibit 4

9    their significance lies in Exhibit 4 being properly

10   authenticated.  It follows that the proper evidentiary foundation

11   for these documents must be established before they can be

12   considered by this Court.[5]  Because the authenticity of the

13   exhibits cannot be established from the documents filed, the

14   Court will not consider them in its decision.

15   In Plaintiff's SAC, he relies on the same EEOC Charge that

16   he relied upon in his FAC to show that he exhausted his

17   administrative remedies for his disparate impact claim.

18   Plaintiff's additional exhibits are not properly before the

19   Court; however, these documents may only be relevant if the EEOC

20   agent was somehow negligent in his or her duties.

21   ///

22   ///

23

24   [4] Specifically, the exhibits include excerpts from
     Exhibit 4, including an email sent to Defendant ("Exhibit 1"), a
     letter from Defendant to the State Personnel Board ("Exhibit 2"),

25   and a signed letter from the EEOC ("Exhibit 3").

26   [5] Federal Rule of Evidence 901(a) requires "authentication
     or identification as a condition precedent to admissibility."

27   Thus, a proper foundation is laid when there is "evidence
     sufficient to support a finding that the matter in question is

28   what its proponent claims." Fed. R. Evid. 901(a).

Because the Court will not consider the Plaintiff's Exhibits, it is left to consider the same Charge that it considered in the FAC, and for the reasons noted in the Memorandum and Order dated February 20, 2008, and summarized above, this Court does not have jurisdiction over Plaintiff's First Cause of Action.  Defendant's Motion to Dismiss is GRANTED with leave to amend.  In granting leave to amend, the Plaintiff is cautioned that any further failure to plead all of the necessary facts will cause the Court to dismiss this claim with prejudice.

**2.   Sovereign Immunity**

Defendant challenges Plaintiff's Fourth and Fifth Causes of Action, under 42 U.S.C. §§ 1981 and 1985 respectively, on Eleventh Amendment grounds.  Plaintiff does not oppose Defendant's Motion to Dismiss with respect to the Fourth and Fifth Causes of Action.  The law clearly supports Defendant's Motion and the Court will briefly address why it is precluded from hearing these claims.

The Eleventh Amendment is an affirmative defense and dismissal pursuant to the doctrine is not based on subject matter jurisdiction.  Elwood v. Drescher, 456 f.3d 943, 949 (9th Cir. 2006) (citing Miles v. California, 320 F.3d 986, 988-989 (9th Cir. 2003)).  Therefore, this Court will address Defendant's Motion to Dismiss Plaintiff's Claims under 42 U.S.C. §§ 1981 and 1985 pursuant to Rule 12(b)(6).  See Stoner v. Santa Clara County Office of Educ., 502 f.3d 1116 (9th Cir. 2007).

///

11

1    Though the Eleventh Amendment expressly applies only to
2  suits against a state by citizens of another state, it is well
3  established that suits against a state by its own citizens are
4  prohibited as well.  Pennhurst State Sch. & Hosp. v. Halderman,
5  465 U.S. 89, 98 (1984).  Even when all allegations of material
6  fact are taken as true and construed in the light most favorable
7  to the Plaintiff, this Court is precluded from hearing those
8  claims.

9    Under the sovereign immunity provided by the Eleventh
10 Amendment, section 1981 does not create a cause of action against
11 an unconsenting state by its citizens.  Pittman v. Oregon
12 Employment Dep't., 509 F.3d 1065, 1071 (9th Cir. 2007).  In this
13 case, Plaintiff is suing the California Department of Motor
14 Vehicles ("DMV"), a state-run department.  ITSI T.V. Productions,
15 Inc. v. Cal. Exposition and State Fair, 3 F.3d 1289 (9th Cir.
16 1993).  Because there is nothing to suggest that the DMV
17 consented to the section 1981 claim, it is immune under the
18 Eleventh Amendment.  Therefore Defendant's Motion to Dismiss
19 Plaintiff's Fourth Cause of Action is GRANTED with leave to amend
20 pursuant to Rule 12(b)(6).

21   One cannot state a conspiracy claim under 42 U.S.C. § 1985
22 in the absence of a claim for deprivation of rights under 42
23 U.S.C. § 1983.  Caldeira v. County of Kauai, 866 F.2d 1175, 1182
24 (9th Cir. 1989).  An unconsenting state may not be sued under
25 section 1983 because Congress did not abrogate the States'
26 Eleventh Amendment immunity when enacting 42 U.S.C. § 1983.  Will
27 v. Michigan Dep't. of State Police, 491 U.S. 58, 65 (1989).
28 ///

1  In the present case Plaintiff fails to, and cannot, allege a
2  claim under section 1983.  Therefore, his section 1985 claim
3  necessarily fails and Defendant's Motion to Dismiss is GRANTED
4  with leave to amend pursuant to Rule 12(b)(6).

5

6      **3.   Motion to Strike**

7

8      As noted before, the Court may strike "from any pleading any
9  insufficient defense or any redundant, immaterial, impertinent,
10 or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendant
11 contends, and Plaintiff agrees, that the SAC contains time-barred
12 allegations.  However, time-barred allegations may be used as
13 "background evidence in support of a timely claim." <u>Nat'l R.R.</u>
14 <u>Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113 (2002).  Plaintiff's
15 time-barred allegations in paragraphs 11-15 of the SAC provide
16 background information pertaining to Plaintiff's employment with
17 the DMV, and they are not part of the causes of action within the
18 actual claims that are before this Court.[6]  Therefore Plaintiff's
19 Motion to Strike under Rule 12(f) is DENIED.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 _____
27      [6] The Court need not decide the motion to strike
   paragraph 54 of Plaintiff's SAC because that claim, as part of
   Plaintiff's Fifth Cause of Action, was already dismissed in this
28 order.

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiff's First Cause of Action is GRANTED with leave to amend under Rule 12(b)(1). Plaintiff is cautioned that another failure to plead all of the necessary facts will cause the Court to dismiss with prejudice. Defendant's Motion to Dismiss Plaintiff's Fourth and Fifth Causes of Action is GRANTED with leave to amend under Rule 12(b)(6). Plaintiff is directed to file a Third Amended Complaint, should he choose to do so, not later than thirty (30) days following the date of this order.

IT IS SO ORDERED.

Dated: August 18, 2008

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE