IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY GOETHE,

      Plaintiff,                     No. CIV S-07-1945 MCE GGH

      vs.

STATE OF CALIFORNIA

DEPARTMENT OF MOTOR VEHICLES,

      Defendant.                  ORDER

_____/

      Previously pending on this court's law and motion calendar were defendant's motions to compel plaintiff's deposition and discovery pursuant to Rules 26 and 37, and for sanctions. Kathryn Allen appeared for defendant. Robert Bowman Jr. represented plaintiff. After hearing oral argument and reviewing the joint statements, the court now issues the following order.

BACKGROUND

      Plaintiff is a former employee of DMV who alleges he was denied 81 promotional opportunities and lateral transfers due to his race (African American), and in retaliation for his having filed an employment discrimination action in 1995. Although this action was initiated on September 17, 2007, it is proceeding on the second amended complaint, filed March 13, 2008.

1

According to defendant, about five months prior to the filing of this action, plaintiff was transferred to the California Department of Alcohol and Drug Programs (ADP), and he was arrested in August, 2009 for federal corruption arising out of that later employment.

DISCUSSION

    I.  <u>Defendant's Motion to Compel Plaintiff's Deposition and for Sanctions</u>

Based on the parties' stipulation at hearing to continue the discovery cutoff and the district judge's approval of such an extension to February 1, 2010, (dkt. #62), plaintiff's deposition will be taken on November 18, 2009 at 9:00 a.m. at a location outside of this courthouse, to be arranged by defendant.

    II.  <u>Defendants' Motion to Compel Further Initial Disclosures and for Sanctions</u>

Defendant asserts that although plaintiff produced initial disclosures and supplemented them, he has not produced documents and witnesses to support the allegations in paragraphs 11 and 13 of his second amended complaint.

Plaintiff's characterization of his production duties, that he will continue to disclose documents "as he becomes aware of such things," is not what Rule 26 requires.

Federal Rule of Civil Procedure 26(a) requires a party to disclose not only information but documents it may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). The party is also required to supplement or correct its disclosures in a timely manner only "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or if ordered by the court. Fed. R. Civ. P. 26(e). A party, however, cannot reserve the right to produce further documents indefinitely in the future, as plaintiff suggests. The duty to supplement is not a license to unduly delay production or get around to discovery obligations when convenient.

At hearing, plaintiff's counsel represented on the record that he had performed a good faith search for documents in his or his client's actual or constructive possession, and that

all such documents were previously produced. Counsel's representation is accepted as a resolution of this motion. Plaintiff is cautioned that if he comes up with responsive documents at some later time, he will be sanctioned unless good cause is shown for the belated production. It is not likely that the trial judge will look kindly on the attempted use of supporting Rule 26 documents which were not produced in accordance with Rule 26 and in light of counsel's representation.

### III.  Sanctions

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983).

Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

"[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d 412, 419 (9th Cir. 1977).

It is premature to determine if plaintiff's position herein was substantially justified. Should it turn out that plaintiff indeed complied with his production/disclosure

3

responsibilities as represented, there is no case for sanctions.  If future events demonstrate otherwise, the undersigned will revisit the issue of sanctions.

CONCLUSION

For the reasons stated herein, IT IS ORDERED that:

1. Defendant's motion to compel plaintiff's deposition and for sanctions, filed October 16, 2009, (dkt. #59), is granted in part and denied in part.  Plaintiff shall appear for his deposition on November 18, 2009, at 9:00 a.m., at a location outside of this courthouse, to be arranged by defendant.

2. Defendants' motion to compel further initial disclosures and for sanctions, filed October 16, 2009, (dkt. #60), is deferred.

DATED: 10/27/09

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
Goethe1945.dsy.wpd