UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY GOETHE,

        Plaintiff,

   v.

STATE OF CALIFORNIA,
DEPARTMENT OF MOTOR VEHICLES,

        Defendant.

No. 2:07-cv-01945-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Defendant, the Department of Motor Vehicles ("Defendant"), brings the current motion to amend their answer to Plaintiff Gary Goethe's ("Plaintiff") Second Amended Complaint. For the reason set forth below, Defendant's motion is denied.

**BACKGROUND**

Plaintiff filed his original Complaint on September 17, 2007. Plaintiff claims he was subject to discrimination based on "race" and "retaliation" following a discrimination suit Plaintiff filed against Defendant in 1995.

Plaintiff alleges that between 1998 and 2000, he submitted 41 job applications for lateral transfers or promotion. According to Plaintiff, he only received two interviews and was rejected for both positions despite good qualifications.

Plaintiff was eventually promoted in 2001, but again from 2003-2006 Plaintiff claims he applied for several lateral transfers or promotions and was denied. Plaintiff further alleges Defendant gave none of the senior management positions to African Americans. Currently, Plaintiff has two causes of action against Defendant: 1) Disparate Treatment Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and 2) Retaliation in Violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e et seq.

This Court issued its Pretrial Scheduling Order ("PTSO") on March 27, 2009. Pursuant to the terms of that order the Court noted that "[n]o further amendments to pleadings is permitted without leave of court, good cause having been shown." The discovery cut-off date is November 30, 2009.

In July 2009, Plaintiff was arrested on a separate criminal matter. Defendant claims this information led them to investigate and discover that Plaintiff had a ten-year old assault conviction.[1] Defendant alleges that this information would have disqualified Plaintiff from supervision positions. On September 22, 2009, Defendant filed the instant motion to amend their answer to include the affirmative defense of after-acquired evidence.

---

[1] At the time of the October 22, 2009 hearing on this matter, Defendant conceded that the assault conviction was a misdemeanor.

2

**STANDARD**

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16,[2] which establishes a timetable to amend pleadings, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Thus, Defendant's ability to amend the answer is governed by Rule 16(b), not Rule 15(a). *See* Id. at 608. In addition, prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

///

///

///

---

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

**ANALYSIS**

To demonstrate diligence under Rule 16's "good cause" standard, courts have required movants to show the following: (1) that they were diligent in assisting the Court in creating a workable Rule 16 order, *see* In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997); (2) that, despite their diligent efforts to comply, their noncompliance with a Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated, *see* Johnson, 975 F.2d at 609; and (3) that they were diligent in seeking amendment of the Rule 16 order, once it became apparent that they could not comply with the order, *see* Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Defendant has not shown that their failure to comply was a result of development of matters that could not have been anticipated or reasonably foreseen. Plaintiff initiated this suit approximately two years ago and Plaintiff's misdemeanor assault conviction has been a matter of public record for at least ten years. Defendant could easily have discovered the misdemeanor conviction as was eventually done. Furthermore, the misdemeanor conviction is likely inadmissible hearsay evidence.

Defendant fails to demonstrate the necessary diligence and as such has failed to meet the "good cause" standard necessary under Rule 16. Defendant's motion is therefore denied.

///

///

4

**CONCLUSION**

Defendant's Motion for Leave to Amend the Answer to the Second Amended Complaint (Docket No. 44) is DENIED. As discussed at the Hearing on October 22, 2009, certain evidence pertaining to the misdemeanor conviction may nonetheless be permissible for impeachment purposes. Any ruling in that regard will be made during trial. Finally, in accordance with the parties' request that the discovery deadline be extended for the limited purpose of deposing Plaintiff, Marilyn King, and Rhonda Kraft, along with any discovery related to those depositions, the Court grants an extension of discovery to and including February 1, 2010, for purposes of concluding that limited discovery.

IT IS SO ORDERED.

Dated: October 28, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5