UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY GOETHE,                        No. 2:07-cv-01945-MCE-GGH

     Plaintiff,

  v.                                  **ORDER**

STATE OF CALIFORNIA,
DEPARTMENT OF MOTOR VEHICLES,

     Defendant.

----oo0oo----

On May 7, 2010, this Court issued its Memorandum and Order (Docket No. 76) which granted in part, and denied in part, the Motion for Summary Judgment, or alternatively for Summary Adjudication of Issues, brought by Defendant Department of Motor Vehicles ("Defendant" or "DMV") in this matter (Docket No. 69). That Memorandum and Order summarily adjudicated all of Plaintiff's claims in favor of Defendant, except for Plaintiff's claims that he was discriminated against because of his race in being passed over for transfer and/or promotional opportunities in 2006.

1

Now before the Court is Defendant's request that the Court reconsider its denial of summary adjudication as to that discrimination claim.

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S. Ct. 2166 (1988). Reconsideration may be appropriate if the district court 1) is presented with newly discovered evidence; 2) has committed clear error or issued an initial decision that was manifestly unjust; or 3) is presented with an intervening change in controlling law. School Dist. N. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1244, 1263 (9th Cir. 1993), cert denied, 512 U.S. 1236, 114 S. Ct. 2742 (1994).

Through the present motion, Defendant contends that reconsideration is proper because its ruling on the discrimination issue constitutes clear error. The DMV's argument is two-pronged. First, Defendant argues that it was wrong for the Court to consider Plaintiff's observation, based on his twenty-year tenure in working for the DMV, that only four African American men had occupied middle management jobs at DMV headquarters in Sacramento (which he claimed amounted to some 500 positions) during that period. Second, Defendant contends that Plaintiff did not show that his qualifications were "clearly superior" to the individuals ultimately selected for the promotional opportunities in question, and that consequently the Court erred in denying summary adjudication on that ground because Plaintiff did not satisfy his burden in establishing pretext.

1 Although Defendant repeatedly accuses the Court of
2 fundamentally misapprehending the requisite burden-shifting
3 standard in assessing the propriety of a discrimination claim, in
4 the Court's view it is Defendant who both misstates Plaintiff's
5 burden in showing pretext under the circumstances of this matter
6 and fails to grasp the standards upon which summary judgment must
7 be based.

8 Under the so-called McDonnell-Douglas analysis, in
9 determining whether the reasons proffered by Defendant in failing
10 to select Plaintiff were in fact pretextual, the court should
11 cumulatively consider all evidence pointing towards potential
12 pretext.  Noyes v. Kelly Servs., 488 F.3d 1163, 1170 (9th Cir.
13 2007) (quoting Raad v. Fairbanks N. Star Borough Sch. Dist., 323
14 F.3d 1185, 1194 (9th Cir. 2003).  Even when considered together,
15 the burden on Plaintiff in raising a triable issue of fact as to
16 pretext is "hardly an onerous one".  Payne v. Norwest Corp., 113
17 F.3d 1079, 1080 (9th Cir. 1997).  Plaintiff must only present
18 some "specific" and "substantial" facts pointing to a genuine
19 issue for trial with respect to circumstantial pretext.  Godwin
20 v. Hunt-Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998).

21 Moreover, in considering such evidence in the context of a
22 motion for summary judgment, all permissible inferences must be
23 drawn in favor of the non-moving party, here Plaintiff.  Raad v.
24 Fairbanks, 323 F.3d at 1194.
25 ///
26 ///
27 ///
28 ///

1    Applying these standards to the present matter, the Court
2 pointed to both evidence comparing Plaintiff's own qualifications
3 to those of the successful candidates, and statistical data drawn
4 from Plaintiff's own observations with respect to the composition
5 of DMV's middle management personnel in Sacramento during the
6 twenty-year period he worked there.  The inference that may be
7 drawn from Plaintiff's claim that only four African American men
8 worked in such positions during that period must be coupled with
9 Plaintiff's own detailed claims, as set forth in paragraphs 17 to
10 23 of his Declaration, that his qualifications exceeded those of
11 the individuals ultimately selected for the promotional
12 opportunities in question.  The Court found that those factors,
13 particularly when viewed together and when construed favorably to
14 Plaintiff in the context of summary judgment, were enough to
15 satisfy Plaintiff's burden in establishing pretext sufficient to
16 defeat Defendant's request for summary adjudication.  That
17 conclusion is neither clearly erroneous or manifestly unjust,
18 despite Defendant's strident protestations to the contrary.
19    While Defendant claims that Plaintiff must establish that
20 his qualifications were "clearly superior" to those of the
21 selected candidate to show discrimination, in the Court's view
22 that conclusion is misplaced.  While Defendant cites the Ninth
23 Circuit's decision in <u>Raad</u> as support for that proposition, in
24 fact that case does not so hold.  Rather, the court's finding in
25 <u>Raad</u> is limited to an acknowledgment that clearly superior
26 qualifications provide "a proper basis for a finding of
27 discrimination".  <u>Raad v. Fairbanks</u>, 323 F.3d at 1194.
28 ///

4

The inference that such qualifications are not the <u>only</u> means by which pretext can be established is buttressed by the <u>Raad</u> court's citation to another Ninth Circuit decision, <u>Odima v. Westin Tucson Hotel</u>, 53 F.3d 1484, 1492 (9th Cir. 1995) as standing for the proposition that a plaintiff's "superior qualifications <u>standing alone</u> were enough to prove pretext." <u>Id</u>., emphasis in original.  Significantly, too, <u>Raad</u> goes on to state that the Ninth Circuit has never followed other courts in requiring that a disparity of qualification be "so apparent as to jump off the page and slap us in the face" in finding pretext. <u>Id</u>.  <u>Raad</u> found this analysis to be "especially true at the summary judgment stage."  <u>Id</u>.  Consequently, there is nothing in <u>Raad</u> to compel the conclusion advanced by Defendant that Plaintiff must necessarily establish his own "clearly superior" credentials, even at summary judgment.

In <u>Blue v. Widnall</u>, 162 F.3d 541 (9th Cir. 1998), another case cited by Defendant in support of its reconsideration request, the court did find no triable issue of fact with regard to the alleged superiority of the plaintiff's qualifications. That ruling, however, was factually predicated on a finding that Blue had presented no evidence that his qualifications were superior.  <u>Id</u>. at 546.  Here, on the other hand, Plaintiff Goethe offers fact-specific comparisons which allegedly demonstrate that his own skills were in fact better than those of the chosen candidate.  Those comparisons, which must be afforded deference at the summary judgment stage, are enough to show the requisite pretext.

///

5

1    The only decision that arguably supports Defendant's
2 position is the Idaho District Court's decision in <u>Banks v.
3 Pocatello Sch. Dist.</u>, 429 F. Supp. 2d 1197 (D. Id. 2006).
4 Although the <u>Banks</u> decision does opine that a plaintiff must show
5 clearly superior qualifications to satisfy his or her burden in
6 showing pretext, it premises that conclusion on <u>Raad</u> and <u>Widnall</u>,
7 which as stated above are in fact inapposite.  This Court
8 accordingly disagrees with the <u>Banks</u> decision and declines to
9 follow it.

10   In addition, the Court maintains that Plaintiff Goethe
11 himself can properly present his own observations as to the
12 composition of the workforce at the office where he was employed
13 during a time period he worked there.  The inferences drawn from
14 Plaintiff's claim that only four of five hundred middle managers
15 were African American men also cannot be discounted after
16 construing that evidence in Plaintiff's favor, as the Court must
17 do on summary judgment.

18   Given the foregoing, the Court reiterates its prior ruling
19 and DENIES Defendant's Motion for Reconsideration (Docket No. 79).[1]

20   IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

6